### C. H. CARLILE v. B. ELDRIDGE ET AL.

(No. 841, Op. Book No. 2, p. 184.)

APPEAL from Washington County. Opinion by WALKER, R. S., P. J.

§ 986. *Jurisdiction of county court; amount in controversy; several plaintiffs.* Several plaintiffs joined in an injunction suit in the county court to restrain the collection of taxes levied against their property. The aggregate amount of the taxes was more than $200, but the taxes of no one of the plaintiffs amounted to that sum. *Held,* that the joinder of several tax-payers in the suit was not improper, and that the jurisdiction of the court as to the amount in controversy was to be determined by the aggregate amount of the taxes of all the plaintiffs, and that this amount being over $200 the county court had jurisdiction.

§ 987. *Injunction to restrain collection of taxes; rules in relation to.* As a general rule equity will not interfere to restrain a tax which is illegal or void, merely because of its illegality, but there must be some special circumstances attending the injury threatened to distinguish it from a mere trespass, and thus bring the case within some recognized head of equity jurisprudence; otherwise the person aggrieved will be left to his remedy at law. [High on Inj. § 354.] But this general rule allows of many exceptions. [Hilliard on Inj. p. 463; Ottowa v. Walker, 21 Ill. 610.] The supreme court of this state, in Blessing v. City of Galveston, 42 Tex. 641, in discussing the above stated general rule and its excep-

tions, say: "But while we are willing to concede its correctness in a general sense, and freely admit that courts should not lightly interfere to restrain by injunction the collection of taxes, either municipal or state, and should, indeed, if asked to enjoin taxes levied for general revenue, or where their interposition might lead to the embarrassment of the state, do so with the greatest circumspection, and only then in cases where it is plainly manifest it is their imperative duty in the exercise of their equity powers, yet this rule' is only applicable, we think, in such extreme cases as those indicated. In an ordinary case involving the validity of a tax, either state or municipal, on constitutional or other grounds, which may be considered and determined by the court just as consistently with public interest before as after collection, and especially where the rights of a large number of persons are involved, and a great number of suits may be avoided, and heavy individual loss and damage prevented, we concur in the conclusion, supported, we believe, in number and weight by the better considered American cases, that courts may properly interpose by injunction to prevent its collection."

§ 988. *Injunction to prevent cloud upon title.* Where relief is sought to prevent a cloud upon title, it will only be granted in those cases where the illegality or irregularity complained of exists *dehors* the record. And where the objection to the validity of a tax or assessment appears upon the face of the proceedings by which alone the adverse party can claim title to the land sold for the unpaid tax, equity will not enjoin. [High on Inj. § 368.]

§ 989. *Taxation; power of municipalities to tax; construction of grant of such power.* It is an unquestioned rule of universal application, according to all the authorities, to construe a grant of the sovereign power to tax, made by the state to one of its municipalities, with strictness. [Cooley on Taxation, 209.] A municipality does not possess an inherent power to levy taxes; it can do so only through the delegation of the power to it by the state, and

if the state has erred in the direction of strictness, the legislature alone can correct the evil. [Cooley on Taxation, 209; Allen v. Galveston, 51 Tex. 302.] And the power must be exercised for the purpose designated; it is limited to the objects to be accomplished, to the sphere of action prescribed by the charter. If it be given for the construction of a city building, it cannot be exercised for the construction of a city railway. [3 Wallace, 669.] The charter of a municipal corporation, the statute defining its powers, is the source of its power to tax. It has such power on the subject as the statute gives, and no more. [Burroughs on Taxation, 370.]

§ 990. *School tax, under constitution of 1876, levied by city of Brenham, held to be without authority of law.* In 1876, after the adoption of the state constitution of that year, the city of Brenham, under authority of article XI, sec. 10, of the constitution of 1876, proceeded to submit to a vote of the tax-payers of that city the question as to whether a tax of one-half of one per cent., for the support of public free schools of that city, should be levied and collected. By a vote of two-thirds of the tax-payers voting, the tax was authorized to be levied and collected. This suit was brought by several of the tax-payers to enjoin the collection of the tax, upon the ground that it was illegal. *Held*, that the city of Brenham, under its charter, had no power to levy and collect the tax, and that neither the constitution or statutes then in force conferred any such power upon it, and that the levy and attempted collection of such tax was without authority of law, and the judgment of the county court, perpetually restraining the collection of the tax, was affirmed.

November 24, 1880. Affirmed.